# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **GERARD HOOVER,** | |
| Petitioner, | Case No. 09 C 3938 |
| v. | Hon. Harry D. Leinenweber |
| **KEITH ANGLIN, Warden,** Danville Correctional Center, | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Gerard Hoover's (hereinafter, "Hoover") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 regarding his conviction in Illinois state court for possession of heroin and cocaine with intent to deliver in Case No. 06-CF-351. For the following reasons, Hoover's petition is **denied**.

### I. BACKGROUND

#### A. Facts

Hoover was charged with two counts of possession of a controlled substance with intent to deliver – one count for heroin and one for cocaine – arising out of events that occurred on June 25 and 26, 2006. Two witnesses, Jennifer Gruenwald ("Gruenwald") and Linda Bullard ("Bullard"), testified that they

saw Hoover in possession of individually bagged drugs in a LaSalle, Illinois apartment. Gruenwald testified that she drove two acquaintances, Brenda Malone and Hoover's brother Jeremy, from LaSalle to Chicago in exchange for cocaine. When Gruenwald and her passengers arrived in Chicago, they picked up Hoover, who said he was going to teach Jeremy how to deal drugs.

At around 3:00 a.m. on June 26, the group arrived at Bullard's apartment in LaSalle. There, Gruenwald saw Hoover, with a gun on the table near him, putting a tannish white substance into individual baggies. Gruenwald knew it to be heroin because she had experience with the drug and because Hoover had told her that he was dealing heroin. She also saw Jeremy with a bagged substance that she judged, based on her experience, to be rock cocaine. Bullard checked in on the apartment at around 8:30 a.m., to be greeted by Hoover carrying a gun. Hoover said that he was doing "business" out of the apartment with what he had brought from the city. Bullard saw what she recognized as cocaine in plastic bags in the apartment. Hoover paid Bullard in cocaine for the use of the apartment.

Police searched the apartment later that day, with Bullard's consent. They found Hoover and Malone in the apartment, a loaded gun in Hoover's pocket, and a "toilet float ball" containing

plastic bags of heroin and cocaine on a kitchen counter. A forensic scientist later confirmed that the drugs included more than one gram each of heroin and cocaine.

## B. Procedural History

### *1. Trial*

Hoover was found guilty after a bench trial in which he represented himself. The court found the forensic scientist's testimony credible, Gruenwald and Bullard's testimony credible, and that it was obvious from Hoover's statements that he intended to sell the drugs. The court sentenced Hoover to concurrent 15-year terms on the two drug counts.

### *2. Direct Appeal*

On direct appeal, Hoover challenged the sufficiency of the evidence. The Illinois appellate court affirmed, holding that the evidence was sufficient to establish that Hoover had constructive possession of the drugs. "A defendant has constructive possession of drugs," the court stated, "where the defendant intends to and has a capacity to maintain control over them. . . . Evidence that a defendant knew drugs were present and exercised control over them establishes constructive possession." *People v. Hoover*, No. 3-06-0846, at 5 (Ill.App.Ct., 2008).

The appellate court concluded that Gruenwald's and Bullard's testimony that they saw cocaine and heroin in Hoover's possession, Hoover's paying off Bullard with cocaine, the police officer's finding the drugs in the kitchen while Hoover was in the apartment, were sufficient to permit a rational trier of fact to find that Hoover had constructive possession of the drugs.

The Illinois Supreme Court denied Hoover's petition for leave to appeal on November 26, 2008. *People v. Hoover*, 900 N.E.2d 1122 (Ill., 2008). Hoover has properly exhausted his state court remedies, and his petition is timely.

### C.  Issue

Hoover's habeas petition raises only the issue of sufficiency of the evidence.

### II.  **STANDARD OF REVIEW**

Under 28 U.S.C. § 2254(d), Hoover's petition may be granted only if the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." This Court must presume the correctness of State court determinations of fact unless

rebutted by the petitioner through clear and convincing evidence. 28 U.S.C. § 2254(e).

### III. DISCUSSION: INSUFFICIENCY OF THE EVIDENCE

Hoover's only claim is that the evidence was insufficient to support the conviction because the State's witnesses were not credible.

The standard for analyzing sufficiency of the evidence claims is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Court's task, then, is to consider whether the evidence presented by the State, when taken in the light most favorable to the State, could have persuaded a rational trier of fact to have found the essential elements, beyond a reasonable doubt, of the crimes of which Hoover was convicted.

Under Illinois law, a person commits the crime of possession of heroin or cocaine with intent to deliver if he possesses 1 to 15 grams of either substance or its analog with the intent to deliver (*i.e.*, distribute) them. 720 Ill. Comp. Stat. 570/401 (c)(1) and (2). That being the case, the Court can find no fault with the Illinois appellate court's conclusion that, taken together, the

testimonies of Gruenwald, Bullard, the two police officers, and the forensic analyst provided sufficient evidence for a reasonable trier of fact to find that Hoover possessed at least a gram each of heroin and cocaine and that he intended to sell them.

Hoover argues that Gruenwald and Bullard were not believable, but federal courts do not reevaluate witness credibility on habeas review. *See, Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). The judge who conducted the bench trial found the witnesses credible. This Court must accept those findings of fact unless Hoover can present clear and convincing evidence to refute them. Hoover presents no such evidence. His claim therefore fails.

## IV. CONCLUSION

For the reasons stated herein, the Petition for Writ of Habeas Corpus is **denied.**

**IT IS SO ORDERED.**

                                                         _____
                                                         Harry D. Leinenweber, Judge
                                                         United States District Court

**DATE:** May 6, 2010